# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHAMEL A. PERRY,

    Plaintiff,

v.                                        Case No. 8:20-cv-449-T-02AAS

CHAD CHRONISTER, *et al.*,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's Civil Rights Complaint (Doc. 1), filed pursuant to 42 U.S.C. § 1983, in which Plaintiff alleges violations of his rights under Fla. Stat. § 83.51 — a Florida landlord-tenant statute. Plaintiff is pretrial detained in the custody of the Hillsborough County Sheriff's Office and proceeds *pro se*.

**I.  Legal Background**

    A. Section 1915

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed. Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.

*Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Upon review, a court is required to dismiss a complaint (or any portion thereof) in the following circumstances:

> (b)  Grounds for Dismissal. — On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

B. <u>Section 1983</u>

Plaintiff's claims against Defendants arise under 42 U.S.C § 1983. (Doc. 1). "[S]ection 1983 provides a method for vindicating federal rights

conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, a plaintiff must show that the defendant acted under the color of law or otherwise show some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II.     Analysis

Plaintiff sues Hillsborough County Sheriff Chad Chronister in his official capacity and Naphcare Medical Department, the county jail medical provider, for injuries that he suffered while he was an inmate in jail. On December 23, 2019, Plaintiff slipped and fell while using the inmate telephone. (Doc. 1 at 5). Plaintiff was already using crutches when the fall occurred and sustained further injury to his neck, lower back, knees, and foot. (*Id.*). Plaintiff blames a leaky roof at the jail for the injuries. (*Id.*). Plaintiff contends that Sheriff Chronister failed to adequately maintain the jail, Naphcare failed to properly diagnose his injuries, and both violated his rights under section 83.51, Florida Statutes — a state statute requiring a landlord to maintain premises rented to residential

tenants. Plaintiff asks the Court to enjoin Sheriff Chronister to fix the roof and for $40,000.00 in punitive damages. (*Id.* at 5).

    A. <u>Failure to State a Claim</u>

        1. <u>Both Defendants</u>

Because Plaintiff does not allege that Defendants' violation of Florida's landlord-tenant statute affected any of his federally protected rights, Plaintiff fails to state a claim under section 1983. *Almand v. DeKalb Cty., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997) ("[Section 1983] merely provides a remedy for deprivations of federal statutory and constitutional rights."); *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1527–28 (11th Cir. 1987); *McDowell v. State of Tex.*, 465 F.2d 1342, 1345–46 (5th Cir. 1971). Defendants do not have a residential rental agreement with Plaintiff and did not violate the state statute either. Fla. Stat. § 83.41.

        2. <u>Naphcare</u>

Naphcare, a private corporation, may be liable under section 1983 because "it performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Yet, Plaintiff cannot hold Naphcare liable for the acts of a doctor or other employees. *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Naphcare must have had a policy or custom that led to the violation of the constitutional right.

*Id.* (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978)). The complaint only alleges that Naphcare was acting "as if" it has a policy to protect its contract with the sheriff's office. (Doc. 1 at 4). Plaintiff does not affirmatively state that Naphcare has a policy, what that policy is, how it was implemented, or how it was the moving force behind any constitutional violation. His bald, conclusory allegation is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff also fails to allege a constitutional violation of medical indifference. The complaint alleges that Naphcare "failed to properly diagnose and honor medical complaints." (Doc. 1 at 4). An incident report attached to the complaint[1] states that, right after Plaintiff fell, an emergency response team including two nurses and a paramedic responded. (Doc. 1-1). A jail deputy escorted Plaintiff to a clinic where the doctor took x-rays, bandaged Plaintiff's foot, and gave him a wheelchair and crutches. (Doc. 1 at 5); (Doc. 1-1). The doctor evaluated him, concluded that he did not have any injuries, and scheduled him for a follow-up appointment. (*Id.*). Because he only disputes the quality of care provided by Naphcare, Plaintiff does not state a valid constitutional claim of medical mistreatment. *Estelle v. Gamble*, 429 U.S. 97,

---

[1] Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

106 (1976) ("Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

### 3. Sheriff Chronister

Plaintiff sues the sheriff in his official capacity. (Doc. 1 at 2, 4). The claim against the sheriff in his official capacity is a claim against Hillsborough County. *Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020). Plaintiff must allege that one of the county's customs, practices, or policies caused — and was the "moving force" behind — the constitutional injury. *Id.* (citing *Monell*, 436 U.S. at 690). The complaint only alleges that the sheriff failed to maintain the jail to ensure the safety of the inmates and staff. (Doc. 1 at 4). The complaint fails to allege that any constitutional violation was the result of "(1) an action taken or policy made by an official responsible for making final policy in that area of the [Sheriff's Department's] business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Goodman v. Kimbrough*, 718 F.3d 1325, 1335 (11th Cir. 2013) (citation and quotations omitted).

Plaintiff also fails to state a constitutional claim for the slip and fall. Due process is not implicated by a negligent act of an official causing unintended loss or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 328

6

(1986). A slip and fall accident in jail or prison does not give rise to a federal constitutional claim. *Holmes v. Strain*, No. 3:15-cv-557, 2016 WL 4539664 at *5 (N.D. Fla. Aug. 1, 2016) (collecting opinions by federal circuit courts of appeals and orders by federal district courts). Florida law provides Plaintiff with an avenue to raise a negligence claim against the county, Fla. Stat. § 768.28(9)(a), and so liability under section 1983 is not appropriate. *Almand*, 103 F.3d at 1513 ("[S]ection 1983 must not supplant state tort law; liability is appropriate solely for violations of federally protected rights.").

Because even a more carefully drafted complaint could not state a section 1983 claim against Defendants based on Florida's landlord-tenant statute, the complaint is dismissed with prejudice. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is hereby **DISMISSED with prejudice**.
2. The Clerk of Court is directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 28, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

7